GEORGE FRED WILLIAMS, Appt. *vs.* JOSEPH U. STARKWEATHER, Admr., d. b. n. c. t. a.

JANUARY 23, 1907.

PRESENT: Douglas, C. J., Dubois, Blodgett, Johnson, & Parkhurst, JJ.

(1) *Probate Law. Unfaithful Administration. Proof of Claims against Estate. Decrees in Equity. Collateral Attack.*

Gen. Laws, cap 218, § 27, provides that "If any executor or administrator shall neglect or refuse . . . to pay over what he has in his hands to the several creditors of the testator or intestate whose claims have been presented and allowed or proved according to law, . . . if cited before the Probate Court, shall fail to show reasonable cause therefor, said court. may decree that he is guilty of unfaithful administration, etc.":—

*Held,* that, where a decree of the Supreme Court in a cause in equity had established the relation of debtor and creditor between appellant and appellee, the claim had been *proved according to law.*

*Held,* further, that the words were not used technically as meaning proved in a court of law, but meant *legally* proved.

*Held,* further, that a decree in equity adjudging a stated sum to be due from an executor, could not be attacked in an appeal from a decree of a Probate

10

Court adjudging the executor guilty of unfaithful administration for neglecting to satisfy the judgment awarded by the decree.

APPEAL FROM DECREE of Probate Court. Heard on exceptions to decision of Superior Court dismissing the appeal, and exceptions sustained.

DUBOIS, J. This is an appeal from the following decree of the Probate Court of the city of Pawtucket:

"The complaint of Joseph U. Starkweather, administrator *de bonis non* of James O. Starkweather with the will annexed, alleging that George Fred Williams, executor of the last will and testament of Amey M. Starkweather, has neglected and refused to raise any money out of the estate of the said Amey M. Starkweather or to turn over money in his hands as such executor to liquidate a judgment debt due from the said executor to the complainant as the administrator as aforesaid, and that the said executor has absolutely failed to perform his duty in that respect; praying that the said executor be cited to appear in this court to show cause why he should not be adjudged guilty of unfaithful administration, came on to be heard, the said executor appearing in obedience to a citation issued in compliance with said complaint and prayer, and was argued by counsel; and it appearing upon such hearing that the said complainant as such administrator had recovered (judgment) against the said executor in the Supreme Court within and for the County of Providence on the 2nd day of February, A. D. 1900, for the sum of $2,865.09; and that said judgment remains wholly unsatisfied and in full force, although the said executor had in his hands and still, has in his hands assets belonging to the estate of the said Amey M. Starkweather applicable to the payment of said debt and sufficient to satisfy the same, has neglected to pay the same or any part thereof, and has upon such hearing, failed to show sufficient and reasonable cause for such neglect; upon the consideration thereof it is ordered, adjudged, and decreed that under the statute the said executor is guilty of unfaithful administration of said

estate,"—which went to the Superior Court upon the following reasons of appeal:

"*First.* That said Joseph U. Starkweather, administrator as aforesaid, hath no interest in said Amey M. Starkweather's estate.

"*Second.* Said Williams hath not been guilty of unfaithful administration of said Amey M. Starkweather's estate.

"*Third.* Said decree was entered, by said court, without having the lawful jurisdiction to enter the same."

Jury trial having been waived, the case was heard by one of the justices of the Superior Court upon proof:

That Amey M. Starkweather died on the 11th day of January, 1898.

That George Fred Williams was on the 23rd day of February, 1898, appointed executor of the last will and testament of said Amey M. Starkweather and qualified as such executor on February 24, 1898.

That George Fred Williams on October 5th, 1898, filed his inventory in said Probate Court of Pawtucket, which showed that as such executor he had funds to the amount of $6,255.60, as belonging to the estate of Amey M. Starkweather.

That the estate of Amey M. Starkweather has never been represented insolvent, and no account by such executor has been allowed.

That the following decree was entered in this court in equity, case No. 4794:

"PROVIDENCE, Sc. .                    SUPREME COURT,

"APPELLATE DIVISION.

"JOSEPH U. STARKWEATHER, Admr.,
              "*vs.*                    } Eq. No. 4794.
"GEORGE FRED WILLIAMS, Exr., *et al.*

"The above entitled cause coming on to be heard at the present session; and it now appearing by the admission of the parties that the following sums have been paid out by the re-

spondent for which this complainant desires credit to be given to said executor, to wit:

| | |
|---|---|
| Aug. 10, 1898, Patt & Davis | $.45 |
| June 21, 1898, S. C. Wilson & Son | 2.05 |
| February 25, 1899, B. F. Smith | 1.50 |
| May 1, 1899, taxes, 1898 | 426.23 |

amounting in the whole to the sum of ............$430 23

"Now, therefore, upon consideration hereof it is ordered, adjudged, and decreed that said complainant recover of the said respondent George Fred Williams as aforesaid from and out of the estate of the said Amy M. Starkweather remaining in his hands as executor said sum of $3,296.32, less said sum of $430.23, to wit: the sum of $2,865.09, and also that the said respondent executor as aforesaid turn over to the said complainant upon his receipt therefor all the articles of household furniture, coming into his hands and possession as such executor of said Amy M. Starkweather, that were contained in the inventory returned by her, the said Amy M. Starkweather, as executrix of James O. Starkweather late of said Pawtucket, deceased.

"Entered as the decree of court, February 2d, A. D. 1900.

"By order.

"BERTRAM S. BLAISDELL, *Clerk.*"

That execution was issued thereon on the thirteenth day of February, 1900, for the sum of $2,865.09. That said appellant had neglected to pay the same, and failed to show reasonable cause therefor. Said justice thereupon rendered the following

"DECISION."

"BROWN, J. If the petitioner was a creditor of Mrs. Starkweather at the time of her decease he was bound to present his claim in accordance with the provisions of chapter 215, section 2, of the General Laws. In the language of that statute, 'No claims other than those presented as aforesaid can be enforced

against said estate, but other just claims may be paid by the executor or administrator of solvent estates out of assets in his hands at any time.'

"The petitioner did not claim to be a creditor.

"Upon examination of the record in the equity suit in which the decree, which forms the basis of his right, was entered, it appears that he was there seeking to obtain property which belonged to the estate of James O. Starkweather and, being in possession of Mrs. Starkweather at the time of her decease, as the life tenant, came into the possession of the appellant as her executor. His prayer in that suit is that by decree of court this property may be 'transferred, paid over, and delivered to the' petitioner. The decree entered by the court is that the petitioner recover of the appellant 'from and out of the estate of' Mrs. Starkweather, 'remaining in his hands as executor' the sum of $2,865.09. The petitioner insists that by reason of this decree he is now a creditor of the estate of Mrs. Starkweather, and, the amount not being paid, that he is entitled to proceed, under chapter 218, section 27, of the General Laws, to have the appellant cited before the court and adjudged guilty of unfaithful administration. The sole object of having the appellant so adjudged is that an action may be brought upon his bond.

"The effect of the statute is that if the executor shall neglect 'to pay over what he has in his hands to the several creditors,' 'whose claims have been presented and allowed or proved according to law, or shall otherwise fail to perform his duties as such executor,' he may be cited, etc., and adjudged guilty of unfaithful administration, and thereupon an action may be brought upon his bond, etc.

"In my view of the case, upon a comparison of the language of chapter 218, section 27, with that of chapter 215, section 2, of the General Laws, the petitioner's claim is one which the appellant may pay if the estate of Mrs. Starkweather is solvent, but is not one which can be enforced against her estate in this form of proceeding.

"The petitioner's remedy against the appellant, I do not

think, is to be found in chapter 218, section 27, and therefore the petition must be denied and dismissed."

To the aforesaid rulings and findings the appellee duly excepted and the case then came to this court upon the appellee's bill of exception, wherein he claims:

"*First.* That said rulings and decisions are contrary to law.

"*Second.* That said rulings are not supported by the evidence.

"*Third.* That said rulings and decisions are not based upon any of the reasons as claimed by the appellant in his reasons of appeal from the ruling of the Probate Court."

The complaint was based upon Gen. Laws, cap. 218, § 27, which reads as follows:

(1) "SEC. 27. If any executor or administrator shall neglect or refuse to raise money out of the testate or intestate estate by collecting debts due or by selling the personal estate, or real estate if need be, and has power, or can obtain leave, to sell the same, or shall neglect or refuse to pay over what he has in his hands to the several creditors of the testator or intestate whose claims have been presented and allowed or proved according to law, or shall otherwise fail to perform his duties as such executor or administrator, and, if cited before the probate court, shall fail to show reasonable cause therefor, said court may decree that he is guilty of unfaithful administration; and thereupon an action may be brought upon the bond of such executor or administrator by any such creditor who may have been damnified thereby, although the said period of two years has elapsed."

Under this statute it was incumbent upon the appellee to satisfy the court, by a fair preponderance of the evidence: That he is a creditor of the testatrix, whose claim has been proved according to law, and that said appellant has neglected to pay the same out of what he has in his hands. The claim has not been paid, nor has any excuse been offered for its non-payment but an attempt is made to attack the validity of the decree of this court, entered February 2d, 1900, in equity cause No. 4794, hereinbefore set forth. By virtue of the de-

cree the relation of debtor and creditor between the executrix of the appellant and the appellee has been established, and by the proceedings in said equity cause the claim has been "proved according to law," that is, duly, regularly, lawfully, etc. Anderson's Law Dict.

The argument that a claim evidenced by a final decree in equity is not proved according to law is preposterous—it is a refinement of technicality. The words are not used in a technical sense, they do not mean proved in a court of law as contradistinguished from a court of equity. They mean legally proved. It can not be contended successfully that a claim fully proved and adjudicated in a court of equity has been proved illegally or contrary to law. The matter is *res adjudicata* and can not now be brought in question. The decree is not subject to criticism in this collateral matter. Two attempts have been made by bills of review to reach and amend the same but without success. See 24 R. I. 512, and 25 Ibid. 77. This decree has never been modified in any particular. Nor was any attempt ever made to disturb it in any manner within the period allowed by law for such purposes, viz., one year from the entry of final decree. As this court well said in *Williams* v. *Starkweather*, 24 R. I. 512, at p. 514: "It is important in equity proceedings, as well as in actions at law, that there should be a time when decrees become fixed and absolutely final. Concurring in the decisions and intimations of this court already referred to, we decide that such time can not exceed one year from the entry of the original decree. We may add that the rule herein followed has not deprived the complainant in this case of any substantial right. The objections set out were as fully known to him when the decree was entered as they are now, and he could have presented his petition seasonably, as well as to do so after the lapse of so long a time."

The appellant is also estopped from claiming that said estate is insolvent. He made no attempt to declare the same insolvent within the statutory period, and his attempt to attain that result by bill in equity was unsuccessful—see 22 R. I. 501.

Two of the reasons of appeal hereinbefore set forth are insufficient, because:

The first objection relates to a matter heretofore finally determined by this court, which determination is no longer open to question.

The third objection, that said decree was entered, by said Probate Court, without having the lawful jurisdiction to enter the same, is also without foundation.

The only valid reason of appeal is the second, which raises a question of fact upon which the evidence is entirely in favor of the appellee.

The reasons given by the justice of the Superior Court for his decision are invalid. The first, second, and third depend upon a reopening of the final decree which determined the rights of the parties in this very matter and which can not be disturbed, while the fourth is a consequence of the erroneous premises assumed by the court in relation to the matters in question.

The exceptions of the appellee must be sustained.

Case remanded to the Superior Court with direction to enter a decree confirming the decree of the Probate Court, and for further proceedings according to law.

*Gorman, Egan, and Gorman,* for appellant.

*Bassett and Raymond,* for appellee.